IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RANDY HELTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL NO. 1:11-CV-134-WLS-TQL |
| | : | |
| Warden JOSEPH BADEN, et al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : | BEFORE THE U.S. MAGISTRATE JUDGE |

_____

## ORDER & RECOMMENDATION

Plaintiff **RANDY HELTON**, a prisoner at Calhoun State Prison in Morgan, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Doc. 2] is thus **GRANTED**.[1] The initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(1), and the Complaint is deemed filed. Plaintiff, however, is still obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is accordingly **DIRECTED** to send a copy of this Order and Recommendation to the business manager of the Calhoun State Prison.

Having now also reviewed Plaintiff's Complaint [Doc. 1] pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff arguably states claims against **Warden Baden**, Deputy Warden of Security **Christopher Railey**, Deputy Warden of Care and Treatment **Christine Cross**, and Unit Manager **Frederick Gammage** for retaliation in violation of his First Amendment rights. Those

---

[1] A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff currently has no "strikes" for the purposes of 28 U.S.C. § 1915(g).

claims will be allowed to proceed beyond the frivolity review stage.  It is **RECOMMENDED**, however, that Defendant **Inmate C.J.**, any claim for unlawful interference with Plaintiff's legal mail, and any conspiracy claims be **DISMISSED without prejudice**, under 28 U.S.C. §1915A(b)(1), for failure to state a claim.  To the extent Plaintiff moves for immediate injunctive relief or for the appointment of counsel, his motions are **DENIED.**

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the

complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

## STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of an alleged assault on Plaintiff Randy Helton at Calhoun State Prison. According to the Complaint, the unit manager Defendant Frederick Gammage ordered Plaintiff to move to a new room on August 19, 2011, after he observed Plaintiff's roommate assisting Plaintiff with a lawsuit pending in this Court against another officer at Calhoun State Prison, Sergeant Burks. See *Helton v Burks*, 1:11-cv-77-WLS. Plaintiff was then assigned to a room with "Inmate C.J." At that time, Mr. Gammage warned Plaintiff "not to file another lawsuit on one of my officers" and stated, "I got something for your ass."

The following day, August 20, 2011, Inmate C.J. allegedly assaulted Plaintiff. Plaintiff alleges that Inmate C.J. "started grabbing and felling [sic] on my butt and said he was going to fuck me." Apparently, sometime thereafter, Plaintiff completed a statement regarding the incident and gave it to an officer at "Ice call." Plaintiff was then moved into a room by himself, and he was taken to Medical the next day. Plaintiff alleges that his sides and the back of his legs were "all bruised up" and that these injuries were caused by his "pulling way" and "get[ting] knocked into [the] bed" during the assault. Plaintiff does not specify what medical treatment he received. He was, however,

transferred to Autry State Prison on August 22, 2011, for a mental health evaluation.

When he returned, Plaintiff wrote Defendants Warden Baden, Deputy Warden of Security Christopher Railey, Deputy Warden of Care and Treatment Christine Cross, and Unit Manager Frederick Gammage asking for protective custody. His requests were all denied. Unit Manager Gammage allegedly said that Plaintiff "lied on his officer Burks about the sexual assault" and told Plaintiff, "I don't give a damn if you do get raped."

According to the Complaint, Plaintiff is currently in "lock down" and has been there for at least five months because he refuses to return to "population." Plaintiff claims to fear for his life and alleges that the assault and denial of protective custody were acts in retaliation for the suit Plaintiff filed against Sergeant Burks. Unidentified "officers" allegedly told Plaintiff that there is "a hit" out on him, and Plaintiff believes that prison officials have been "reading and tooking [sic] stuff out of [his] legal mail." Plaintiff claims to know this because Warden Baden asked him,

> [D]o you thing [sic] Judge Langstaff is going to love you or stave [sic] you from me. I can do anything to you because I am the warden of Calhoun State Prison, and I did not like it that you filed a lawsuit on my Sergeant Burks, and I'm going to make sure you do not transferred [sic] till I am throw [sic] with you.

Deputy Wardens Railey and Cross and Unit Manager Gammage allegedly told Plaintiff that they "did not like" him and that he would "drop the civil suit on Sergeant Burks" if he knew "what was good." Despite the threats, Plaintiff filed the present suit naming **Warden Baden**, Deputy Warden of Security **Christopher Railey**, Deputy Warden of Care and Treatment **Christine Cross**, Unit Manager **Frederick Gammage**, and **Inmate C.J.** as defendants. Based upon the allegations in the Complaint, it appears that Plaintiff has attempted to bring First Amendment claims against Defendants Baden, Railey, Cross, and Gammage for retaliation, conspiracy, and unlawful interference with his legal mail. Plaintiff may have also intended to state a claim for sexual assault

against Inmate C.J.

Inmate C.J., however, is not a proper party to this action. A private individual may not be held liable for civil rights violations under §1983 unless it is shown that he acted under the color of state law. See Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir.2005). "A private individual acts under color of state law for purposes of § 1983 when he conspires with state actors to violate the plaintiff's constitutional rights." Gottschalk v. Gottschalk, 2011 WL 2420020 at * 6 (11th Cir. June 16, 2011) (citing Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002)). Thus, to state a §1983 claim against another inmate, Plaintiff must allege sufficient facts demonstrating that the inmate conspired with the prison officials to violate his constitutional rights.

A complaint sufficiently alleges such a conspiracy when there are allegations that the defendants reached an understanding to violate the plaintiff's constitutional rights. Rowe, 279 F.3d at 1283. Though the plaintiff need not produce a "smoking gun," he must at least allege that there is "some evidence of agreement between the defendants." Id. at 1283–84. Plaintiff's Complaint, however, alleges no facts suggesting that Inmate C.J. reached an agreement or "understanding" with Unit Manager Gammage or any other Defendant regarding the attack. Plaintiff does not allege that Inmate C.J. knew about the civil suit or that he was somehow involved in a plan to retaliate against Plaintiff because of the action filed against Sergeant Burks. Thus, because Plaintiff fails to allege facts suggesting that Inmate C.J. acted under the color of state law when he attacked Plaintiff, it is **RECOMMENDED** that he be **DISMISSED** from this §1983 action.

Plaintiff has likewise failed to allege the existence of a "conspiracy" among the remaining Defendants. It is not enough that Defendants worked at the same prison; Plaintiff must allege facts suggesting that Defendants actually reached some sort of agreement or understanding to violate his constitutional rights. There are no allegations of any such agreement or understanding in the

Complaint. Thus, it is also **RECOMMENDED** that any conspiracy claims against the remaining Defendants be **DISMISSED**.

To the extent Plaintiff attempted to state a constitutional claim based on Defendants' alleged interference with his legal mail, he has also failed to state a colorable claim. "Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." Corker v. Cannon, 2008 WL 1847304 at *2 (M.D. Fla. April 24, 2008) (quoting Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003)). In his Complaint, Plaintiff alleges that "they" have been "reading and tooking [sic] stuff out of [his] legal mail." The Complaint, however, fails to identify who "they"are so as to identify a proper defendant for a free speech claim. See Al-Amin v. Smith, 511 F.3d 1317, 1336 (11th Cir. 2008) ("A prison official violates an inmate's constitutional rights when the official opens attorney mail outside the inmate's presence."). Plaintiff also failed to allege that the "legal mail" contained correspondence with an attorney or involved non-frivolous *pro se* litigation or that the acts inhibited his access to courts in any way so as to state a colorable access-to-court claim. See Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998); Al-Amin, 511 F.3d at 1333. Plaintiff's vague allegations, therefore, do not make out a First Amendment claim, and it is **RECOMMENDED** that any claim for unlawful interference with his legal mail be **DISMISSED**.

The allegations in the Complaint, however, do arguably state First Amendment claims against Defendants Baden, Railey, Cross, and Gammage for retaliation. "Specifying the suit and the act of retaliation is all that is necessary" to state such a claim. Johnson v. Bowers, 2006 WL 3069703 at *2 (S.D. Ill. October 26, 2006); see also Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). Here, the Complaint alleges that Defendants took adverse action against Plaintiff (i.e., reassigning him to a room where he would likely be attacked and/or refusing him protective custody

despite alleged known threats to Plaintiff's safety) and that they took these actions because of a lawsuit Plaintiff filed against one of their fellow corrections officers. He has thus met the minimal threshold for stating a retaliation claim each of these Defendants.

Though no motion for preliminary injunction has been filed, Plaintiff also alleged in the Complaint that he is in need of immediate injunctive relief because he fears for his life. The standard for issuing a preliminary injunction requires that the party seeking relief demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted. Id. A preliminary injunction should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

So far, Plaintiff's bare allegations fall short of meeting the burden for showing that an injunction should issue. Plaintiff alleges that unnamed "officers" told him that he has "a hit" on him and that he fears further retaliation from Defendants. The Court, however, may not grant the extraordinary remedy of injunctive relief based on a mere perceived or suspected threat of harm. See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir. 2005), *cert. denied*, 547 U.S. 1192, 126 S.Ct. 2862, 165 L.Ed.2d 895 (2006). This is especially true in light of the deference that the federal courts must afford state prison officials in their administration of state prisons. See generally Preiser v. Rodriquez, 411 U.S. 475, 491-92 (1973). Moreover, because Plaintiff is now in solitary confinement or "lock down," he is segregated from the population and the officers he allegedly fears, and thus Plaintiff is apparently not in any "imminent danger" at this time.

However, should Plaintiff be able to articulate *specific* facts indicating he faces a risk of

physical harm from any prison official or inmate, he does have the right to request being placed in protective custody. If Plaintiff in fact needs the Court's assistance in requesting protective custody, Plaintiff should file a motion explaining, as specifically as possible, what threats were made, when they were made, and exactly who made the threats. Plaintiff shall note that preliminary injunctive relief will not be granted because of a past injury. See Army Corps of Eng'rs, 424 F.3d at 1128.

Plaintiff has, by letter [Doc. 5], also requested that this Court appoint counsel to assist him in prosecuting this case. Generally speaking, no right to counsel exists in civil rights actions. See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1986); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). It is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). Until such time as the Court has an opportunity to review responsive pleadings of the Defendants, it cannot properly evaluate Plaintiff's need for counsel. However, if it becomes apparent later in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, Poole v. Lambert, 819 F.2d 1025 (11th Cir. 1987), the Court will entertain a renewed motion. Accordingly, at this time, Plaintiff's request for appointment of legal counsel must be **DENIED**.

### CONCLUSION

Thus, after construing the Complaint liberally in favor of Plaintiff, the Court finds that Plaintiff's retaliation claims against **Warden Baden**, Deputy Warden **Christopher Railey**, Deputy Warden **Christine Cross**, and Unit Manager **Frederick Gammage** should be allowed to go forward. It is **ORDERED** that service be made upon these Defendants and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses and of the possible imposition of

expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that Defendant **Inmate C.J.**, any claim for interference with Plaintiff's legal mail, and any conspiracy claims be **DISMISSED without prejudice**, under 28 U.S.C. §1915A(b)(1), for failure to state a claim. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

To the extent Plaintiff has moved for immediate injunctive relief or for the appointment of counsel, his motions are **DENIED**.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served

electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 21st day of October, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr