IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

RANDY HELTON, :
:
    Plaintiff, :
:
VS. :
: 1 : 11-CV-134 (WLS)
JOSEPH BADEN, *et al.*, :
:
:
    Defendants. :

**ORDER AND RECOMMENDATION**

Presently pending herein are various motions filed by the Plaintiff.  (Docs. 11, 17, 18, 20).  The Plaintiff filed this action pursuant to 42 U.S.C. ▪ 1983 in September 2011, raising allegations of retaliation by the Defendants in violation of Plaintiff's First Amendment rights during his confinement at Calhoun State Prison.  (Doc. 1).

*Motion for Defendant's [sic] Answers*

Plaintiff filed a Motion for Defendant's [sic] Answers on February 13, 2012.  (Doc. 17). As Plaintiff appears to be responding to the Defendants' Answer, and reiterating his claims for relief, Plaintiff's Motion for Defendant's [sic] Answers presents nothing for the Court's determination and is hereby **DENIED** as moot.

*Motion seeking injunctive relief*

Plaintiff's earlier requests for injunctive relief have been denied (Doc. 6), although Plaintiff has now filed a motion seeking review of the Court's determination denying injunctive relief (Doc. 11), and a motion which appears to seek further injunctive relief (Doc.

18).  To the extent that Plaintiff seeks damages for past harm, he has failed to present a proper ground for injunctive relief.  *Elend v. Basham*, 471 F.3d 1199, 1207-08 (11th Cir. 2006) (injunctions can rectify ongoing or future harm but cannot redress past harm; plaintiff who cannot show "continuing, present adverse effects" or "a real and immediate threat of future harm" lacks standing to obtain injunctive relief).  To the extent that the Plaintiff seeks injunctive or declaratory relief and has since been transferred to another prison, his requests for injunctive relief have been rendered moot.  *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's transfer to another prison facility moots claims for injunctive relief).

In order to obtain injunctive or declaratory relief, the Plaintiff must prove that:  (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.  *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990).  Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.  *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).  Inasmuch as the Plaintiff has failed to establish the basis for injunctive or declaratory relief, it is the recommendation of the undersigned that Plaintiff's motions for same be **DENIED**.  (Docs. 11, 18).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the Recommendation set forth herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion for a Hearing for Appointment of Counsel*

Plaintiff has also filed a Motion for Hearing for Appointment of Counsel. (Doc. 20). At this point in the proceedings, the Court can discern no need for a hearing, and notes that no dispositive motions are pending herein. In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff. The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required. Accordingly, Plaintiff's Motion for Hearing for Appointment of Counsel is **DENIED**.

**SO ORDERED AND RECOMMENDED,** this 18th day of April, 2012.

s/  *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb