IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RANDY HELTON, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:11-CV-134 (WLS) |
| Warden JOSEPH BADEN, *et al.*, | : | |
| Defendants. | : | |

# **ORDER**

Before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed October 21, 2011. (Doc. 6). It is recommended that Plaintiff's claims against Defendant Inmate C.J., Plaintiff's claims of interference with Plaintiff's legal mail, and any conspiracy claims be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), but that Plaintiff's retaliation claims against Warden Baden, Deputy Warden Christopher Railey, Deputy Warden Christine Cross, and Unite Manager Frederick Gammage shall be allowed to go forward. (Doc. 6 at 8-9). Magistrate Judge Langstaff also denied Plaintiff's request for a preliminary injunction and request for appointment legal counsel. (Doc. 6 at 8).

Plaintiff's "Motion Not to Dismiss Injunctive Relief," which the Court interprets as Plaintiff's Objection, challenges only Judge's Langstaff's Order regarding injunctive relief. (Doc. 11 at 1). To the extent that Plaintiff's Objections (Doc. 11) fail to address the remaining recommendations and orders made in Judge Langstaff's Order and Recommendation (Doc. 6), the Court finds that any objections not made thereto are **WAIVED**.

1

## I.   PLAINTIFF'S OBJECTION TO OCTOBER 21, 2011 ORDER

Federal Rule of Civil Procedure 72(a) states that a "party may serve and file objections to" a Magistrate Judge's non-dispositive order "within fourteen days after being served with a copy" and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly-erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same "clearly erroneous or contrary to law" standard).

The period for objections expired on Friday, November 7, 2012. (*See* generally Docket). Plaintiff's "Motion Not to Dismiss Injunctive Relief" was not filed until November 9, 2011, with no explanation provided for the delay. (Doc. 11). As such, it was not timely filed and will not be considered.[1] Therefore, Plaintiff's Objections as found in "Motion Not to Dismiss Injunctive Relief" (Doc. 11) to Judge Langstaff's October 21, 2011 Order (Doc. 6) are **OVERRULED.**

## CONCLUSION

Accordingly, United States Magistrate Judge Langstaff's October 21, 2011 Recommendation (Doc. 6), is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Plaintiff's claims against Defendant Inmate C.J., Plaintiff's claims of interference with Plaintiff's legal mail, and any conspiracy claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's retaliation claims against Warden Baden, Deputy

---

[1] Plaintiff's objections, even if they were timely, are not persuasive. "Clear error" is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). The standard for overturning a Magistrate Judge's non-dispositive order is "a very difficult one to meet." Thornton v. Mercantile Stores Co., Inc., 180 F.R.D. 437, 439 (M.D.Ala.1998) (internal quotation marks omitted). Plaintiff's objections simply relate his alleged injuries, restate his requests for injunctive relief and a lawyer, and fail to show that Judge Langstaff's Order (Doc. 6) was clearly erroneous or contrary to law. Accordingly, this Court finds that Petitioner's "Motion Not to Dismiss Injunctive Relief" (Doc. 11) fails to rebut the legally sound Order of Judge Langstaff.

Warden Christopher Railey, Deputy Warden Christine Cross, and Unite Manager Frederick Gammage shall be allowed to go forward.

**SO ORDERED**, this  16th  day of August, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**